[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION FOR ORDER DATED NOVEMBER 26, 2001
This matter comes before the court pursuant to an order of the Connecticut Appellate Court in Evans v. Taylor, 67 Conn. App. 108,___ A.2d ___ (2001).
I. Procedural History
The procedural history and facts relevant for this court's determination are continued in the Appellate Court opinion that stated, in relevant part:
"The plaintiff commenced this dissolution action in 1995, claiming a breakdown in the marital relationship. The defendant filed a counterclaim for dissolution on the grounds of irretrievable breakdown and intolerable cruelty. Orders for pendente lite support were entered on February 14, 1997, by the court, Moran, J. Pursuant to those orders, the plaintiff was required to make monthly payments of $2800 to the defendant as unallocated alimony and child support. Payments were due on the fourteenth day of each month. The trial commenced in April 1997, and proceeded, on various dates, until its completion in July 1997. In June 1997, the plaintiff filed a motion to modify the pendente lite orders. The court, Hon. Margaret C. Driscoll, judge trial referee, declined to hear that motion. Although the amount of the payments that had accrued under the February 14, 1997 pendente lite orders as of June 1997, totaled $14,000, the plaintiff had made payments totaling only $5600. On CT Page 2997 September 4, 1997, and again on September 15, 1997, the defendant filed motions for contempt. Those motions were neither granted nor denied.
 "On November 25, 1997, the court rendered judgment dissolving the marriage of the parties after concluding that the marriage had broken down irretrievably. . . . It did not, however, address in its memorandum of decision the issue of the unpaid arrearage of pendente lite support or cite the plaintiff for contempt. Evans v. Taylor, 67 Conn. App. at 110-111.
Because the trial court had not addressed the pendente lite arrearage in its final order, the Appellate Court reversed the judgment and remanded for further proceedings
At trial, the plaintiff raised many of the same issues that were addressed by the Appellate Court.[1] He suggests many reasons why the arrearage was not included in the trial court order. The suggestions are not persuasive. "Regardless of the reasons the court may have had for not including the arrearage in the final order of dissolution, `the effect was that the pendente lite order was [retroactively] modified.' . . . The arrearage was, therefore, improperly omitted." Evans v. Taylor,67 Conn. App. at 117 (citation omitted).[2]
Based upon the evidence presented to the court, the court finds that the pendente lite arrearage at the time of the dissolution was $22,400. The court also finds that in order to pursue her appeal, the defendant incurred costs in the amount of $250 for filing fees and $3266 for a transcript.
Accordingly, the court enters the following orders:
1. There is an arrearage in the amount of $22,400. The plaintiff shall pay that amount plus statutory interest at 10% from November 10, 2001, the date of the Appellate Court decision.
2. The plaintiff incurred reasonable appellate costs in the amount of $3,516. The plaintiff shall pay that amount plus statutory interest at 10% from November 10, 2001, the date of the Appellate Court decision.
DEWEY, J.